UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV11-09995 JAK (CWx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Alison Wendy Winston, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Dkt. 9)  JS-6

On July 12, 2011, Plaintiff Deutsche Bank National Trust Company as Trustee for Harborview Mortgage Loan Trust 2006-SB1 ("Plaintiff") brought an Unlawful Detainer action ("Action") against Alison Wendy Winston ("Defendant") in the Superior Court of California, County of Los Angeles. Notice of Removal, Exh. A, Dkt. 1. Plaintiff claimed to be owner of the subject property located at 2463 Century Hill Unit 275, Los Angeles, California 90067 ("the premises"). *Id.* Plaintiff further alleged that Defendant failed to comply with the three-day Notice to Quit served on June 30, 2011. *Id.* Accordingly, Plaintiff sought possession of the premises, costs incurred in the Unlawful Detainer proceeding, and damages for each day that Defendant remained in possession. *Id.*

On December 1, 2011, Defendant removed the Action to this Court. Dkt. 1. Defendant argues that this Court has subject matter jurisdiction over the Action based on federal question jurisdiction, 28 U.S.C. § 1331, because she asserts a defense to the Action that arises under a federal law -- the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5220. On February 6, 2012, Plaintiff filed a motion to remand the Action. Dkt. 9. This motion is set for hearing on April 16, 2012. The Court, on its own motion, has considered the matters raised in the parties' respective papers and has concluded that, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the matters can be decided without oral argument. Consequently, the Court takes the April 16, 2012 hearing off calendar and issues this written ruling with respect to the motion.

Defendant failed to file any timely opposition to the motion to remand. This alone provides a sufficient basis for granting such motion. Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."). In this matter, however, there is an independent ground for remand: The Court lacks subject matter jurisdiction. Thus, notwithstanding the assertion by Defendant in the Notice of Removal, Dkt. 1, that this Action raises "federal questions," based on the complaint that has been filed, it does not.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-09995 JAK (CWx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Alison Wendy Winston, et al. | | |

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.

*K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011). Under this standard, this action does not raise a federal question. Thus, Plaintiff's complaint does not contain a cause of action that arises under federal law. Although Defendant purports to raise a defense arising under federal law, "the existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

Plaintiff's motion also requests sanctions pursuant to Federal Rule of Civil Procedure 11. Plaintiff claims that Defendant removed this action four days prior to the date on which the Unlawful Detainer trial was to commence in state court as evidence that the removal was in bad faith. Dkt. 9. Rule 11 is designed to ensure, among other things, that filings to the court are not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, and that the claims, defenses, and other legal contentions are warranted by existing law. FED. R. CIV. P. 11. After removal, the district court may impose Rule 11 sanctions even if it remands for lack of subject matter jurisdiction. *Id.*

The request for Rule 11 sanctions fails for two independent reasons. First, Rule 11 states that "[a] motion for sanctions must be made separately from any other motion…." *Id.* In this case, Plaintiff combined its motion for Rule 11 sanctions with its motion to remand. Second, Rule 11 contains a safe harbor provision. When a party intends to file a Rule 11 motion for sanctions, it must first serve that motion on the alleged violator and wait 21 days. *Truesdell v. S. Cal. Permanente Med. Group*, 293 F.3d 1146, 1151 (9th Cir. 2002). The safe harbor provision "is meant to give litigants an opportunity to remedy any alleged misconduct before sanctions are imposed." *Id.* In this case, the proof of service indicates that Plaintiff served the motion to remand and for sanctions on Defendant at the same time that the motion was filed with the Court. Dkt. 9. Plaintiff has submitted no evidence to show that Plaintiff served this motion on Defendant at least 21 days before filing it with the Court. Therefore, Plaintiff has not shown compliance with the safe harbor requirement of Rule 11. *See Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (stating that the safe harbor provisions are mandatory and require service of the motion itself as opposed to mere informal warnings -- "It is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions.").

Furthermore, the Court declines to award attorney's fees on the basis of improper removal. Such an award is within the sound discretion of the Court. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992) ("Congress has unambiguously left the award of fees to the discretion of the district court."). Because the Defendant in this matter is representing herself, and effected removal without the assistance of counsel, in the exercise of its discretion, the Court declines to award fees.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-09995 JAK (CWx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Alison Wendy Winston, et al. | | |

For the foregoing reasons, this case is remanded to the Superior Court of California, County of Los Angeles, Santa Monica Courthouse, Case No. 11U0230G.

Plaintiff's counsel shall give telephonic notice of this Order to Defendant so that she does not make an appearance on April 16, 2012.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak